**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-24969-KMM

OSIEL JACI MARTINEZ,

Petitioner,

v.

GARRETT RIPA, *et al.*,

Respondents.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Petitioner Osiel Jaci Martinez's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause (the "OTSC") requiring Respondents to file one consolidated memorandum of fact and law to show why the Petition should not be granted. *See generally* (ECF No. 4). Respondents thereafter filed a Response (the "Response" or "Resp."). (ECF No. 5). Petitioner filed a Reply thereto (the "Reply"). (ECF No. 6). The Petition is now ripe for review. As set forth below, the Petition is DISMISSED without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba, who illegally entered the United States at or near Miami, Florida, on or around August 6, 2023. Resp. at 1; (ECF No. 5-3) ¶ 6. On September 19, 2025, Petitioner was encountered by U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), and was subsequently taken into ICE custody on September 22, 2025. Resp. at 2; (ECF No 5-3) ¶¶ 7–8. On January 22, 2026, an Immigration Judge entered an order of removal (the "Removal Order") against Petitioner, ordering him

removed to Ecuador.[1] Resp. at 2; (ECF No. 5-4) at 3. According to the Order of the Immigration Judge (ECF No. 5-4), Petitioner reserved his right to appeal, with that appeal due by February 23, 2026. *Id.* at 4. On May 11, 2026, Petitioner filed a Form I-130, Petition for Alien Relative, with the U.S. Citizenship and Immigration Services ("USCIS"), which remains pending. Reply at 6; (ECF No. 5-3) ¶ 20.

On May 12, 2026, Ecuador declined to accept Petitioner. Resp. at 3; (ECF No. 5-3) ¶ 21. That same day, Petitioner was issued a Notice of Removal to Mexico. Resp. at 3; (ECF No. 5-3) ¶ 21. On June 12, 2026, Respondents allege that Petitioner was scheduled to be removed to Mexico, but the removal was not completed because Petitioner refused to exit his pod. Resp. at 3; (ECF No. 5-3) ¶ 22.

Petitioner has been detained at Krome North Service Processing Center ("Krome") since June 30, 2026. Resp. at 3; (ECF No. 5-5) at 1. On July 22, 2026, Petitioner filed the Petition, seeking his immediate release. *See* Pet. at 10.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 533 U.S. 674, 693 (2008) (citation omitted). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within

---

[1] In the Petition, Petitioner claims he was ordered to be removed to Cuba on January 22, 2026. *See* Pet. at 1. In the Response, Respondents claim he was ordered to be removed to Ecuador on that date. *See* Resp. at 2. In the Reply, Petitioner seems to implicitly agree with Respondents that the Removal Order was to Ecuador. *See* Reply at 4 ("*First*, the Immigration Judge ordered removal to Ecuador[.]"). The Order of the Immigration Judge further confirms that the Removal Order was to Ecuador. (ECF No. 5-4) at 3.

the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Further, for "'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court's habeas jurisdiction extends to challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future, and thus under *Zadvydas*, Respondents must rebut his showing by providing evidence to the contrary. *See* Pet. at 1; Reply at 4–5. In the Response, Respondents argue that the Petition should be dismissed without prejudice because it is premature. *See* Resp. at 4 (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)).

"After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day removal period[.]" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (cleaned up) (quoting 8 U.S.C. § 1231(a)(1)(A)). After the removal period, the Government may detain "only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578–79 (quoting 8 U.S.C. § 1231(a)(6)).

The Supreme Court has "construe[d] [8 U.S.C. § 1231(a)(6)] to contain an implicit 'reasonable time' limitation" of six months, "the application of which is subject to federal-court review." *Zadvydas*, 533 U.S. at 682. A habeas petition filed before the six-month period elapses is premature. *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the

time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*." (cleaned up)).

Relevantly, an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]" 8 C.F.R. § 1241.1(c). Here, the record reflects that Petitioner reserved his right to appeal the Removal Order. (ECF No. 5-4) at 4. As there is no evidence or argument that Petitioner appealed the Removal Order, the Removal Order became final on February 23, 2026, when the allotted time for appeal lapsed. *See id.*; *see also* (ECF No. 5-4) at 4. Therefore, as the Petition was filed on July 22, 2026, the Court finds that the six-month presumptively reasonable period had not yet elapsed, and the Petition is premature.[2] *See, e.g.*, *Thelemaque v. Barr*, No. 20-20467-Civ, 2020 WL 13551808, at *2 (S.D. Fla. Mar. 30, 2020) (Altonaga, J.); *Phadeael v. Ripa*, No. 24-cv-22227, 2024 WL 3088350, at *3 (S.D. Fla. June 21, 2024).

Petitioner argues in opposition that the record reflects that no appeal of his Removal Order was filed; thus, he waived his right to appeal the Removal Order, and it became final on January 22, 2026. *See* Reply at 2; 8 C.F.R. § 1241.1(b) ("An order of removal . . . shall become final [u]pon waiver of appeal by the respondent[.]"). While the record *does* reflect that Petitioner did not actually appeal the Removal Order, that fact does not contradict the evidence establishing that he reserved his right to appeal. *See* (ECF No. 5-4) at 4 (showing a checkmark in the Order of the Immigration Judge that indicates Petitioner reserved his right to appeal the Removal Order). Indeed, Petitioner's argument is consistent with the conclusion that he reserved his right to appeal the Removal Order but ultimately declined to exercise that right. Accordingly, the Court finds that

---

[2] As of August 23, 2026, six months have elapsed since Petitioner's removal order became final. Therefore, any subsequent petition will not be premature.

the Removal Order became final on February 23, 2026, at the conclusion of the allotted time for appeal.

Alternatively, Petitioner suggests that the law does not "require [the] empty exercise" of refiling a subsequent habeas petition that is not premature. Reply at 3. However, 8 C.F.R. § 1241.1 and *Akinwale* are clear: the Removal Order became final on February 23, 2026, and any habeas petition filed within six months of detention after that date would be premature under the *Zadvydas* framework. Accordingly, the Petition must be dismissed as premature.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DISMISSED without prejudice as premature.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record